**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LEROY H. STEVENSON**                                                                        **PETITIONER**

**V.**                  **CASE NO. 5:13CV00269 KGB/BD**

**RAY HOBBS, Director,
Arkansas Department of Correction**                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>   >   Clerk, United States District Court
>   >   Eastern District of Arkansas
>   >   500 West Capitol Avenue, Suite A149
>   >   Little Rock, AR 72201-3325

**II.      Background**

After a 2008 bench trial in the Circuit Court of Craighead County, Arkansas, Petitioner Leroy Stevenson was found guilty of rape. *Stevenson v. State*, 2013 Ark. 302, *1, 2013 WL 3946082. The trial court sentenced Mr. Stevenson as a habitual offender to 600 months' imprisonment. *Id*. Mr. Stevenson filed a motion for new trial alleging that his trial counsel was ineffective for failing to call two alibi witnesses, for failing to call an expert witness, and for coercing him into waiving a jury trial. *Id*. Mr. Stevenson also asserted four general claims in the motion: (1) actual innocence, (2) ineffective assistance of counsel, (3) prosecutorial misconduct, and (4) abuse of discretion. (#9-4 at p. 33) The motion was denied. *Id*.

On appeal, the Arkansas Court of Appeals remanded the case and ordered the trial court to hold an evidentiary hearing. *Id*. At the hearing, the first general claim was treated as a challenge to the sufficiency of the evidence, and the Court heard evidence on Mr. Stevenson's ineffective assistance of counsel claims. The prosecutorial misconduct and abuse of discretion claims were withdrawn. (H.R. at pp. 148-152) After the hearing,

the trial court entered a lengthy order addressing Mr. Stevenson's claims and again denied the motion. *Id*. (#9-8 at pp. 53-62)

On appeal, Mr. Stevenson did not argue the ineffective assistance of counsel or sufficiency of the evidence claims he had raised in the motion for new trial. Instead, his sole point on appeal was that his trial counsel was ineffective because she failed to investigate and subpoena character witnesses that could have testified on Mr. Stevenson's behalf during the penalty phase of the trial. (#9-8) The Court of Appeals affirmed the trial court's denial of the motion for new trial without reaching the merits of Mr. Stevenson's claim, because the claim raised on appeal had not been raised with the trial court and, thus, was not preserved for appellate review. *Stevenson v. State*, 2011 Ark. App. 547, *4.

Next, Mr. Stevenson filed a *pro se* petition for post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37.1. In the petition, Mr. Stevenson again raised the ineffective assistance of trial counsel claims that were rejected in the motion for new trial and affirmed on appeal. He also alleged that his counsel at the hearing on the motion for new trial was ineffective for failing to subpoena unspecified witnesses, and that his counsel on appeal of the denial of the motion for new trial was ineffective for failing to hold his trial and motion counsel responsible. (#2 at pp. 23-31) The trial court denied the petition, and Mr. Stevenson lodged an appeal with the Arkansas Supreme Court. *Stevenson v. State*, 2013 Ark. at *1.

While addressing Mr. Stevenson's motion for an extension of time to file his brief, the Arkansas Supreme Court denied the appeal, finding that Mr. Stevenson had not alleged facts to support his claims that his counsel's conduct had prejudiced him under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *Id*. at *6.

Mr. Stevenson filed this petition, raising three claims: (1) his trial counsel was ineffective for failing to prepare for trial (referencing his motion for a new trial and Rule 37 petition); (2) his trial counsel was ineffective because she coerced him into waiving his right to a jury trial, raised a "worthless" defense at trial, and failed to raise an unspecified affirmative defense; and (3) his appellate counsel was ineffective for failing to "effectuate" the appeal, having "abandon[ed] the needed grounds" raised in the motion for new trial in the state court.  (#2)

### III.   Discussion

    A.   Standard of Review

A federal court may grant a writ of habeas corpus to a state prisoner only if a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief will be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623

F.3d 1183, 1187 (8th Cir. 2010)). The Court must presume the state court's factual findings are correct, and it is Mr. Stevenson's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

B.  Procedural Default

Federal courts cannot grant habeas relief on procedurally defaulted claims if the last state court rendering a judgment in the case clearly and expressly stated that its judgment rested on a state-law procedural ground. *Oglesby v. Bowersox*, 592 F.3d 922, 924 (8th Cir. 2010) (citations omitted); see also *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546 (1991)). Federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules except in unusual circumstances. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877 (2002). To be independent and adequate, a state procedural bar must be firmly established and regularly followed by the time it is applied. *Crawford*, 498 F.3d at 854 (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

Director Hobbs argues that Mr. Stevenson's ineffective assistance of counsel claims are procedurally defaulted. He is correct that the Arkansas Supreme Court stated that it was dismissing Mr. Stevenson's claims, in part, based on his failure to fully research and develop his arguments. *Stevenson v. State*, 2013 Ark. at *4. The Arkansas Supreme Court went on, however, to address the merits of Mr. Stevenson's ineffective assistance of counsel claims applying the standard set forth in *Strickland v. Washington*,

466 U.S. 668, 104 S.Ct. 2052 (1984). *Id*. at pp. *2-*6. Accordingly, the ineffective assistance of counsel claims raised with the state courts are not procedurally defaulted and are properly before the Court in this petition. See *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007)(when a state court decides an issue on the merits despite a possible procedural default, no independent state ground bars consideration of the claim by a federal habeas court)(quoting *Sweet v. Delo*, 125 F.3d 1144, 1150 (8th Cir. 1997)).

      C.     Ineffective Assistance of Counsel

Mr. Stevenson first claims that his trial counsel was ineffective for failing to prepare for trial. He raised this claim in the state courts. The Arkansas Supreme Court stated that under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), it was Mr. Stevenson's burden to provide facts that affirmatively supported his claim and that he had been prejudiced by his counsel's deficient performance. *Stevenson v. State*, 2013 Ark. at *4-5. The court noted that the only argument Mr. Stevenson offered to suggest that his counsel's lack of preparation for trial prejudiced him was his statements that there was a lack of investigation and a failure to subpoena witnesses. *Id*.

The Arkansas Supreme Court found that Mr. Stevenson had not offered facts to show that further investigation would have produced additional evidence or witnesses. *Id*. In fact, at the hearing on the motion for new trial, Mr. Stevenson's trial counsel testified that she and investigators had contacted or had attempted to contact the witnesses that Mr. Stevenson had provided her, but she was unable to locate any character witnesses

whose testimony would have been beneficial. Respondent's Exhibit 6 at pp. 214-18. She stated that she had reported this to Mr. Stevenson. *Id*. at p. 218.

Five of the witnesses Mr. Stevenson allegedly identified as potential trial witnesses testified at the hearing on the motion for new trial. *Id*. After hearing that testimony, the trial court concluded that these witnesses could not have provided an alibi for Mr. Stevenson and would not have changed the outcome of the trial. (#9-8 at pp. 56-57) Based on the testimony at the hearing, the Arkansas Supreme Court did not act unreasonably in upholding the trial court's conclusion that Mr. Stevenson's counsel performed adequately when viewed under the standard set out in *Strickland*. *Id*.

Mr. Stevenson complains that his trial counsel was ineffective because she coerced him into waiving his right to a jury trial and rejecting a three-year plea offer. The Arkansas Supreme Court discussed Mr. Stevenson's claim as part of its discussion of trial counsel's preparation for trial and concluded that Mr. Stevenson had not established prejudice. Here, it is clear from the record that Mr. Stevenson's counsel spoke with him about the meaning and consequences of waiving a jury trial. Respondent's Exhibit 6 at pp. 131, 221-22, 225. It is further evident that in conversations with two circuit judges during the course of his case, Mr. Stevenson stated that he was voluntarily waiving his right to a jury trial. *Id*. at pp. 91-92, 222, 224-35.

Moreover, Mr. Stevenson has not established that he was prejudiced by having a bench trial instead of a jury trial. He did not offer any evidence to the state courts – and

has not offered any here – to indicate that the outcome of the trial would have been different had he not waived his right to a jury.

Mr. Stevenson's counsel also spoke with him about the plea offers he received. At the hearing, Mr. Stevenson's trial counsel testified that, prior to the DNA analysis by the state crime lab, the State had offered a negotiated plea that included a three-year sentence, but that Mr. Stevenson rejected the offer and told her he was not going to consider any other offers. *Id*. at p. 226. After the DNA analysis came back, the State made another offer of twenty years, which Mr. Stevenson's counsel conveyed to him. He rejected that offer. *Id*. at pp. 226-27. Based on the testimony of Mr. Stevenson's trial counsel, it was not unreasonable for the court to conclude that his counsel was not ineffective in handling plea negotiations.

Mr. Stevenson claims that his trial counsel was ineffective because she raised a "worthless" defense and failed to raise an affirmative defense at trial. Mr. Stevenson does not provide enough detail about either of these claims for the Court to consider the claims or even determine whether they were raised with the state courts. Accordingly, these claims cannot be considered. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court; see also *Mayle v. Felix*, 545 U.S. 664655 (2005)(noting that the pleading requirements under habeas Rule 2(c) are more demanding than under Federal Rule of Civil Procedure 8(a), because under Rule 2(c) a habeas petitioner must state facts that point to a real possibility of constitutional error).

Finally, Mr. Stevenson claims that his appellate counsel was ineffective for failing to "effectuate" the appeal, having "abandon[ed] the needed grounds" raised in the motion for new trial in the state court. (#2) Mr. Stevenson did not raise this specific claim in his Rule 37 petition or appeal, but attempted to raise a claim with the Arkansas Supreme Court that his appellate counsel was ineffective for "failure to hold his attorneys responsible for their ineffectiveness." *Stevenson v. State*, 2013 Ark. at *5. The court assumed that Mr. Stevenson was arguing that the affirmance of the order denying his motion for new trial was, in itself, proof that his attorney had not represented him adequately on appeal. The Court rejected this claim because it lacked factual support. *Id*. Mr. Stevenson never stated exactly what his appellate counsel failed to do that he should have done. *Id*. The Court was not unreasonable in rejecting Mr. Stevenson's claim.

Here, like in the state courts, Mr. Stevenson has failed to allege facts detailing what his appellate counsel did, or did not do, that prejudiced him. To the extent Mr. Stevenson is claiming that his counsel on appeal of the denial of the motion for new trial was ineffective for failing to raise the same ineffective assistance of counsel claims on appeal that he had raised in his motion for new trial, this claim fails. Mr. Stevenson has not established that the outcome of his appeal would have been different had his appellate lawyer raised those claims on appeal.

The Arkansas Supreme Court did not unreasonably apply clearly established federal law or unreasonably determine the facts in light of the evidence in denying Mr.

Stevenson's ineffective assistance of counsel claims. Accordingly, Mr. Stevenson's habeas claims fail.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Stevenson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Stevenson has not provided any basis for issuing a certificate of appealability.

## V. Conclusion

The Court recommends that Judge Baker dismiss Mr. Stevenson's petition for writ of habeas corpus, with prejudice.

DATED this 17th day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE