IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEROY H. STEVENSON**                                                                                   **PLAINTIFF**
**ADC #093169**

v.                              Case No. 5:13-cv-00269-KGB/BD

**RAY HOBBS, Director,**
**Arkansas Department of Correction.**                                                          **DEFENDANT**

## ORDER

The Court has received the Recommended Disposition from United States Magistrate Judge Beth Deere (Dkt. No. 11). On October 18, 2013, the Clerk of the Court filed plaintiff Leroy H. Stevenson's "answer to the response had [sic] for the writ of habeas corpus" (Dkt. No. 12). The Court construes this document as a reply to defendant Ray Hobb's response to the petition for writ of habeas corpus (Dkt. No. 9). On November 1, 2013, the Clerk filed Mr. Stevenson's "letter of judicial notice," which complained that, among other things, Judge Deere "attempted to adjudicate the case cause [sic] without all of the facts" (Dkt. No. 15, at 2). The Court construes this document as an objection to the Recommended Disposition. After a review of the Recommended Disposition, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety.

The Court notes that, because the Clerk did not file Mr. Stevenson's reply to Mr. Hobb's response until after Judge Deere issued the Recommended Disposition, Judge Deere did not consider Mr. Stevenson's reply. After carefully considering Mr. Stevenson's reply, however, this Court determines that Mr. Stevenson's habeas claims still fail.

Mr. Stevenson has claimed that, during his state court proceedings, his trial counsel was ineffective in failing to call witnesses, convincing him to waive his jury trial, handling plea

offers, and choosing defenses, and that his appellate counsel was ineffective in effectuating his appeal. The Recommended Disposition separately addresses each of Mr. Stevenson's allegations, and Mr. Stevenson's reply to Mr. Hobb's response offers no new or convincing arguments.

Mr. Stevenson's only argument that the Recommended Disposition did not fully address is that his trial counsel should have called an expert witness to refute the DNA evidence against him (Dkt. No. 12, at 13). However, Mr. Stevenson's trial counsel testified that Mr. Stevenson never requested that she seek another expert opinion, partly because he admitted guilt. Even if he had requested that his counsel seek another expert opinion, Mr. Stevenson has not proven that calling an additional expert witness would have changed the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Based on this, it was not unreasonable for the state courts to reject this claim.

It is therefore ordered that Mr. Stevenson's petition for writ of habeas corpus be denied with prejudice. When entering a final order adverse to a petitioner, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court states that a certificate of appealability must be issued or denied. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Mr. Stevenson has not provided a basis to issue a certificate of appealability and, therefore, his certificate of appealability is denied.

Also pending are Mr. Stevenson's motion to appoint counsel and two motions for evidentiary hearing (Dkt. Nos. 13, 14, 16), all three of which were filed by the Clerk after Judge Deere issued the Recommended Disposition. The Court hereby denies Mr. Stevenson's motion to appoint counsel and motions for evidentiary hearing.

An appropriate Judgment shall accompany this order.

IT IS SO ORDERED this 8th day of May, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE